(54 South. 1037.)

No. 18,698.

STATE v. JONES.

(April 24, 1911.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1072*)—APPEAL—DISMISSAL—SUFFICIENCY OF ORDER OF APPEAL.

The order of appeal was premature.
It has no date at all.
Facts and circumstances do not relieve defendant from all responsibility for want of date.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1072.*]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Sena Jones was convicted of crime, and she appeals. Dismissed.

B. H. Lichtenstein, for appellant. Walter Guion, Atty. Gen., and J. M. Foster, Dist. Atty. (G. A. Gondran, of counsel), for the State.

BREAUX, C. J. From a sentence condemning her to serve two years at hard labor in the penitentiary, the defendant appeals.

### On Motion to Dismiss.

The grounds of the motion are that the return day of the appeal was not fixed as required by Act 106 of 1908; the second, that the order of appeal was made and granted before the sentence and judgment were rendered.

It is true, as alleged, there is a total absence of date.

The motion for the appeal reads:

"Appeal returnable according to law."

The order of appeal issued thereon was equally as silent about the return of the appeal.

The appeal is granted, and that is all.

The motion of appeal, according to the record before us, was filed on the 25th day of one month. It was granted on the 25th day of the next month.

When the motion was made for the appeal on the 25th day of January, the verdict had just been returned.

Sentence was imposed only 30 days afterward, according to the record before us, was sufficient in itself to afford grounds to dismiss the appeal.

Now the law granting the right of appeal, and suggesting what should be done to obtain an appeal, requires that a date "shall be fixed for the return of the appeal."

Heretofore this court has decided that, if it is evident there is failure to insert the correct date of the return in the order, the neglect or oversight will be considered as that of the district judge, and, from that point of view, the appellant was allowed, none the less, to prosecute the appeal.

In this case, as there is a total want of all date, we feel constrained to withhold the sanction of this court.

There is some difference between a mistake in date, made by the district judge, and the total want of all date.

In all cases heretofore decided upon the subject, there was at least an attempt made to comply with the law. But here there is a total want of all date.

It does seem that in a case of that kind the appellant is not entirely free from' oversight or negligence.

We do not hesitate to thus pronounce, for, before arriving at this conclusion, we had studied the case as closely as we could, and had written the opinion on the merits, and had arrived at the conclusion that defendant is not entitled to a judgment of. reversal.

The three bills of exceptions taken in the case were thoroughly considered.

This decision will now serve no purpose, save that it affords us the satisfaction of knowing that defendant's rights as an appellant have not in any event 'been illegally prejudiced.

For reasons assigned, it is therefore ordered, adjudged, and decreed that the appeal is dismissed.

PROVOSTY, J. The failure to fix a return day in this case was, in my opinion, the fault of the judge, and hence not good ground for dismissal; but I concur in the decree, for the reason that the appeal was taken before sentence.